JAMES P. KEMP, ESQ.
Nevada Bar No.: 6375
KEMP & KEMP
7435 W. Azure Drive, Ste 110
Las Vegas, NV 89130
702-258-1183 ph./702-258-6983 fax
jp@kemp-attorneys.com
*Attorneys for Plaintiff Diana Van Bree*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

***

DIANA VAN BREE,

Plaintiff,

vs.

JT4, LLC, a Delaware Limited Liability Company; BARBARA M. BARRETT, Secretary, UNITED STATES AIR FORCE

Defendants.

Case No.: 2:20-cv-788

**COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF**

**JURY TRIAL DEMANDED**

**COMES NOW** Plaintiff, DIANA VAN BREE, by and through Counsel of Record, JAMES P. KEMP, ESQ., of the law firm of KEMP & KEMP, ATTORNEYS AT LAW, and for a cause of action does hereby state and allege as follows:

**COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF**

Plaintiff Diana Van Bree, by and through her undersigned counsel, hereby files this action for equitable and monetary relief against Defendants JT4, LLC (hereinafter "JT4") and the United States Air Force (hereinafter "Air Force") (collectively as "Defendants") for discrimination based on disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, as amended, Section 501 of the Rehabilitation Act, 29 U.S.C. §§ 791, *et seq.*, as amended, and Nevada Revised Statutes §§ 613.310, *et seq.*

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

Defendant discriminated against Plaintiff Van Bree based on her disability when it refused to provide her with any reasonable accommodations, and continues to do so, despite her providing medical documentation describing her disability and need for a reasonable accommodation. Specifically, to accommodate her Post-Traumatic Stress Disorder, Plaintiff Van Bree requested that she be accompanied by her Service Animal (dog) throughout her workstations, including during travel to and from her workstations, but JT4 denied that request because its customer, the United States Air Force, which provides the transportation for JT4's employees, has a blanket policy against permitting Service Animals in its vehicles. The Air Force refused to engage in the interactive process directly with Ms. Van Bree and failed to offer any viable alternative accommodation.

After the Air Force denied the request, JT4 also proceeded to offer Ms. Van Bree no other viable reasonable accommodation. Although JT4 purportedly offered Ms. Van Bree the opportunity to drive her personal vehicle to her remote workstations and provide her with free onsite housing, this accommodation was impossible to implement because it required an impossible adjustment to all employees' shifts, as well as an unlikely approval for said adjustment, to accommodate that potential change and that accommodation would cause Ms. Van Bree to miss several medical appointments during the workweek that are directly related to her disability.

To remedy the harm that she has suffered, Ms. Van Bree seeks declaratory and injunctive relief, including but not limited to a reasonable accommodation that would permit her to have her Service Animal by her side throughout the duration of her employment. Ms. Van Bree also seeks compensatory damages for the harm that she has suffered from the Defendants' discriminatory actions, as well as reasonable attorneys' fees and costs, pre- and post-judgment interest, and any other legal or equitable relief this Court deems just and proper to redress Defendants' unlawful actions.

**JURISDICTION AND VENUE**

1. This Court maintains subject matter jurisdiction over Plaintiff's claims pursuant to 42 U.S.C. § 1988(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1343(a)(3) because Plaintiff's action addresses the vindication of her civil rights and contains a federal question, as it arises under the laws of the United States, specifically the ADA.

2. This Court maintains supplemental jurisdiction over Plaintiff's claims arising under the laws of Nevada, pursuant to 28 U.S.C. § 1367(a), because those claims are part of the same case or controversy as those arising under the ADA.

3. This Court maintains personal jurisdiction over the Defendant because, at all times relevant to this Complaint, it purposefully availed itself of the privilege of conducting employment activities within the state of Nevada, is currently registered to do business in the state of Nevada, and its acts and omissions alleged herein occurred in the state of Nevada. At all times material to this Complaint, the Defendant conducted and maintained operations in Las Vegas, Nevada at 821 Grier Drive, Las Vegas, NV 89119.

4. At all times material to this Complaint, the Defendant was, and continues to be, a "covered entity" that engaged in an "industry affecting commerce" within the meaning of 42 U.S.C. §§ 12111(2) and (5)(A).

5. At all times material to this Complaint, Plaintiff was employed by the Defendant and completed her employment duties in or around the Nevada Testing and Training Range ("NTTR") in or around the Las Vegas, Nevada region.[1] The Las Vegas region is within Clark County, which is served by the unofficial Southern Division according to Local Rule, Part IA, 1-6. All acts and omissions complained of occurred in or failed to occur in

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

---

[1] Given the nature of Plaintiff's work, the exact location is unknown to her representatives and cannot be disclosed in this Complaint.

Clark County, Nevada. Accordingly, venue lies within the unofficial Southern Division of the District of Nevada, pursuant to Local Rule, Part IA, 1-8.

**PARTIES**

6. Ms. Van Bree is an adult resident of Las Vegas, Nevada.

7. At all times material to this Complaint, Ms. Van Bree was an employee of the Defendant within the meaning of the ADA and NRS 613.330.

8. JT4 is incorporated in the state of Delaware and maintains its corporate office in Las Vegas, Nevada.

9. At all times material to this Complaint, JT4 was a covered entity within the meaning of the ADA and NRS 613.330.

10. JT4 does business in Nevada.

11. JT4 is registered to do business in Nevada.

12. JT4 provides engineering and technical support to multiple western test ranges for the U.S. Air Force and Navy under the Joint Range Technical Services Contract.

13. The U.S. Air Force is a military branch operating under the United States Department of Defense.

14. At all times material to this Complaint, the Air Force owned, operated, and oversaw certain military property wherein the discriminatory conduct occurred.

15. At all times material to this Complaint, the Air Force controlled various aspects of Ms. Van Bree's employment, including but not limited to, the equipment needed for Ms. Van Bree to properly execute her job duties.

///

///

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

16. On May 24, 2019, Ms. Van Bree filed a Charge of Discrimination with the Equal Employment Opportunity Commission and cross-filed with the Nevada Equal Rights Commission.

17. After conducting an investigation, the EEOC issued a Dismissal and Notice of Rights, dated January 31, 2020, wherein it provided for the dismissal of Ms. Van Bree's charge.

18. The EEOC also provided Ms. Van Bree with a Notice of Right to Sue on January 31, 2020.

19. Ms. Van Bree has exhausted her administrative remedies and now timely files this Complaint to seek redress for her harm.

**FACTUAL BACKGROUND**

20. Ms. Van Bree began working for the Defendant as a Weather Forecaster III in or around April 2012.

21. As a Weather Forecaster, Ms. Van Bree is responsible for, among other things developing, issuing, and updating weather forecasts, warnings, advisories, and watches; coordinating with aircrews, air traffic control, and various base agencies to ensure safe operation of aircraft; observing, encoding, recording, disseminating, and evaluating weather observations; and analyzing climatic regimes, geography, terrain, weather system characteristics, centralized weather products, and indigenous surface and upper air reports to forecast weather conditions.

22. In performing her job duties, Ms. Van Bree refers to and uses the operational manuals of the Air Force and abides by applicable federal regulations.

23. Ms. Van Bree was, and continues to be, assigned to different shifts at various work locations, and due to the sensitivity of her work, she is unable to disclose the precise location and nature of her work for national security reasons.

24. The Air Force owns and controls the various work locations where Ms. Van Bree reports and the necessary transportation required by Ms. Van Bree to travel to and from those locations.

25. The Air Force also owns and provides the office space and all necessary equipment, such as all of the weather measurement equipment, required by Ms. Van Bree to perform the primary and essential functions of her position.

26. Additionally, the Air Force dictates the logistics of Ms. Van Bree's work schedule, such as when shifts are performed and where those shifts are to be performed. Although JT4 determines the specific personnel required for each predetermined shift, the Air Force reviews and approves the personnel schedule submitted by JT4.

27. Ms. Van Bree began seeing her current therapist, Jane Heenan, MS MFT, in or around 2017. Prior to beginning her treatment with Ms. Heenan, Ms. Van Bree received mental health services and treatment through the U.S. Veterans Administration.

28. In or around September 2018, Ms. Van Bree was diagnosed with Post-Traumatic Stress Disorder (PTSD) by Ms. Heenan. Despite previously showing symptoms of PTSD, Ms. Van Bree never received an official diagnosis until in or around September 2018.

29. Due to her PTSD, Ms. Van Bree experiences fear, helplessness, and horror, as well as intrusive thoughts and vivid dreams that cause her to relive the elements of various serious traumatizing events that she has suffered over her lifetime.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

30. The symptoms stemming from her PTSD significantly impact her ability to sleep, concentrate, and otherwise manage her environment, as she is hypervigilant even in situations where obvious threats are not present.

31. The culmination of these symptoms causes Ms. Van Bree clinically significant distress and impairment in social settings, particularly in her workplace.

32. To help manage and alleviate these symptoms, Ms. Van Bree requires a Service Animal with her in various locations.

33. In or around October 2018, Ms. Van Bree notified the Defendant of her disability.

34. On or about November 5, 2018, Ms. Van Bree submitted a request for reasonable accommodation through Defendant's Human Resources ("HR") department. Specifically, Ms. Van Bree requested a reasonable accommodation in the form of being accompanied by her Service Animal throughout her work hours, and she provided an October 20, 2018 letter from her therapist supporting her request.

35. In response to her request, on or about November 6, 2018, HR requested additional information regarding her disability and how it impacted the essential functions of her position, and provided her a Job Function Questionnaire to be completed by her therapist.

36. Ms. Heenan, as Ms. Van Bree's therapist, completed the Job Function Questionnaire on December 10, 2018. Ms. Heenan indicated that, while Ms. Van Bree is able to perform the essential functions of her position, she will require an indefinite reasonable accommodation in the form of a Service Animal to perform the essential functions of executing analytical skills and safely working at her remote locations.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

37. On December 12, 2018, Ms. Van Bree returned the completed Job Function Questionnaire to HR. At various times during the pendency of her request, Ms. Van Bree offered to provide additional documentation, medical or otherwise, to HR and the Defendant.

38. On December 14, 2018, Ms. Van Bree engaged in conversation with a person identified as "C.Egg"[2] who holds a position in upper management with the Air Force. Ms. Van Bree identified herself as the person who initiated the request for reasonable accommodation and expressed her willingness to provide whatever documents the Air Force needed.

39. On December 18, 2018, Ms. Van Bree emailed HR her personal cellphone number and requested that she be contacted at that number if HR received any updates regarding her request, as Ms. Van Bree would be out of time during the holidays.

40. On January 2, 2019, Ms. Van Bree emailed HR to request a status update on her request, but she did not receive a reply to this email.

41. Having received no update or new information from HR, on January 31, 2019, Ms. Van Bree emailed HR to inform them that the reasonable accommodation process was meant to be collaborative and should be performed expeditiously. Ms. Van Bree indicated that she did not feel like either has occurred so far with her request.

42. On January 8, 2019, Ms. Van Bree called HR to request a status update regarding her request, and HR informed her that no new information was available.

43. On February 4, 2019, the lead person in HR, Ms. Mary-Dawn Lymangrover, took over Ms. Van Bree's request.

---

[2] Because of the sensitive nature of Ms. Van Bree's work, certain personnel will be identified using fictional names.

44. On February 14, 2019, HR emails Ms. Van Bree and informs her that there has been no communication from upper management regarding her request.

45. On February 15, 2019, Ms. Van Bree received an email stating that her request for reasonable accommodation was being denied because the Defendant's partner agency has a blanket policy of denying any and all service animals or emotional support animals from its property. Ms. Van Bree also received a copy of the memorandum outlining the policy, which was dated November 8, 2018, but that memorandum is classified due to the sensitive nature of the information.

46. On the same day, Ms. Van Bree contacted HR and asked about an appeal of the decision, as well as a copy of the November 8, 2018 memorandum regarding the policy.

47. On February 19, 2019, HR informed Ms. Van Bree that no internal appeal process was available and that the memorandum was being reclassified at a higher level above unclassified.

48. On February 22, 2019, Ms. Van Bree was contacted by the security office for the Air Force. The security office cautioned Ms. Van Bree not to discuss the program information regarding its policy against Service Animals to any outside agencies, as the Air Force would not be approving a redacted copy for Ms. Van Bree's records.

49. On March 1, 2019, Ms. Van Bree went to HR in person, with her Service Animal, to request an appeal of the Air Force's denial in person. Ms. Van Bree expressed her dissatisfaction with the process from her perspective, as she did not believe that JT4 was being cooperative or otherwise handling her request expeditiously. HR then informed Ms. Van Bree that it would contact upper management an additional time to restate her request. However, it is not clear whether JT4 did so.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

50. Shortly after receiving a denial of her request by the Air Force, JT4 proffered an alternative accommodation to Ms. Van Bree: Ms. Van Bree would use her personal vehicle to travel to and from her workstations and the Defendant would provide her with free onsite housing.

51. Ms. Van Bree proceeded to have a conversation with her supervisor about the adjustments that would need to be implemented to institute the Defendant's alternative accommodation. According to Ms. Van Bree's supervisor, the adjustments required for everyone's shifts would be infeasible. Additionally, Ms. Van Bree informed the Defendant that implementing the above-mentioned alternative accommodation would require her to miss several medical appointments throughout the workweek, including medical appointments directly related to treating her disability.

52. Ms. Van Bree also subsequently requested that the Defendant explore reassignment to a different position that would enable her to receive a reasonable accommodation. The Defendant informed Ms. Van Bree that it did not have any vacancies for a Weather Forecaster in the Las Vegas area nor any vacancies for other positions.

53. After informing Ms. Van Bree that no vacancies were open, the Defendant ceased searching for any other alternative reasonable accommodations and otherwise engaging in the interactive process with Ms. Van Bree.

54. On March 21, 2019, Ms. Van Bree conversed unofficially with an Air Force employee identified as "C.Ras," who served in a managerial position within the Air Force. C.Ras informed Ms. Van Bree that the blanket policy against Service Animals was based on concerns about a snowball effect of requests should it grant an exception to one person. C.Ras proceeded to express concerns that, if she were permitted to have a

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

Service Animal, what would that mean for people with allergies. C.Ras also questioned Ms. Van Bree's need for a Service Animal, stating that she worked for JT4 for seven years without needing one and that C.Ras stated words to the effect that he or she did not see a reason why Ms. Van Bree suddenly needed a Service Animal when she has been able to perform her job fine for the previous years.

55. On March 22, 2019, Ms. Van Bree brought her conversation with C.Ras to the attention of HR, and HR indicated that it would inquire about gaining more information from the Air Force through official channels.

56. On March 23, 2019, C.Ras approached Ms. Van Bree again and informed her that, from that point forward, all conversations on the request for reasonable accommodation would be done through official channels.

57. In or around April 15, 2019, upon Ms. Van Bree's requests to speak with someone directly from the partner agency regarding her request for reasonable accommodation, the Defendant asked its partner agency about engaging with her directly, but the partner agency informed the Defendant that it would not engage with Ms. Van Bree directly because she was not an employee of the agency.

58. On May 1, 2019, Ms. Van Bree received a letter from the Defendant which outlined the steps taken by the Defendant in addressing her request for reasonable accommodation, including its one request of its partner agency to accommodate her, its one request of the partner agency to engage with her directly, and its one alternative accommodation offered. Ms. Van Bree signed the letter on May 2, 2019, indicating receipt.

59. To date, Defendant has made no other attempts to reasonably accommodate Ms. Van Bree.

**COUNT I: DENIAL OF REASONABLE ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT ("ADA"), 42 U.S.C. § 12111, *et seq.*, AS AMENDED**

60. Ms. Van Bree incorporates the allegations contained in all preceding paragraphs as if stated herein.

61. At all times material to this Complaint, Ms. Van Bree was an employee of Defendant under the ADA.

62. At all times material to this Complaint, the Defendant was an employer of Ms. Van Bree for the purposes of the ADA.

63. Ms. Van Bree put JT4 on notice of her disability and need for a reasonable accommodation by requesting to be permitted to be accompanied by her Service Animal throughout her tour of service.

64. Ms. Van Bree suffers from PTSD, which substantially limits several major life activities, including her ability to concentrate, sleep, and utilize her analytical skillset, which is needed to perform her job duties. *See* 29 C.F.R. § 1615.103(2).

65. Ms. Van Bree was, and continues to be, qualified to perform the duties required by the Weather Forecaster position, and she was, and continues to be, able to perform the essential functions of her position with or without a reasonable accommodation. Specifically, Ms. Van Bree needed, and continues to need, a reasonable accommodation in the form of being accompanied by her Service Animal throughout her work hours to use her analytical skills and otherwise safely work at her remote workstations.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

66. As such, Ms. Van Bree is a qualified individual with a disability within the meaning of the ADA. *See* 29 C.F.R. § 1615.103.

67. After Ms. Van Bree requested a reasonable accommodation, JT4 failed to appropriately engage in the interactive process in good faith. JT4 never held a meeting with Ms. Van Bree, her supervisor, and other necessary parties, to have a discussion about Ms. Van Bree's request and how a solution could be reached. Rather, after JT4 received the Job Functions Questionnaire from Ms. Van Bree's therapist, it did not communicate or otherwise discuss her request until in or around February 2019 when it provided Ms. Van Bree a blanket denial. When Ms. Van Bree asked JT4 to speak with someone directly, that request was also denied.

68. Additionally, JT4 failed to offer Ms. Van Bree any viable alternative accommodation. The only alternative offered by JT4 was impossible to implement, as no realistic or feasible adjustment to all employees' schedules would permit Ms. Van Bree to drive her personal vehicle and stay onsite, and, more importantly, the alternative would cause Ms. Van Bree to miss medical appointments directly related to her disability. Furthermore, although JT4 stated that it searched for vacant positions for Ms. Van Bree, it is unclear to what extent JT4 actually searched for said positions.

69. Providing Ms. Van Bree a reasonable accommodation would not impose an undue hardship on JT4.

70. The actions and omissions constitute a continuing violation of the ADA.

71. As a direct and proximate result of these actions and omissions of JT4, Ms. Van Bree has suffered emotional pain and suffering, inconvenience, mental anguish, and other pecuniary and nonpecuniary losses within the meaning of 42 U.S.C. § 1981a.

72. JT4's actions were wanton, reckless, or in willful disregard of Ms. Van Bree's legal rights.

**COUNT II: DENIAL OF REASONABLE ACCOMMODATION IN VIOLATION OF NEVADA REVISED STATUTES §§ 613.330, *et seq.***

73. Ms. Van Bree incorporates the allegations contained in the preceding paragraphs as if stated herein.

74. At all times material to this Complaint, Ms. Van Bree was an employee of JT4 within the meaning of NRS 613.330.

75. At all times material to this Complaint, JT4 was an employer of Ms. Van Bree within the meaning of NRS 613.330. *See* NRS 613.310(2).

76. Ms. Van Bree put JT4 on notice of her disability and need for a reasonable accommodation by requesting to be permitted to be accompanied by her Service Animal throughout her tour of service.

77. Ms. Van Bree suffers from PTSD, which substantially limits several major life activities, including her ability to concentrate, sleep, and utilize her analytical skillset, which is needed to perform her job duties.

78. Ms. Van Bree was, and continues to be, qualified to perform the duties required by the Weather Forecaster position, and she was, and continues to be, able to perform the essential functions of her position with or without a reasonable accommodation. Specifically, Ms. Van Bree needed, and continues to need, a reasonable accommodation in the form of being accompanied by her Service Animal throughout her work hours to use her analytical skills and otherwise safely work at her remote workstations.

79. As such, Ms. Van Bree is a qualified individual with a disability within the meaning of the NRS 613.330. *See* NRS 613.310(1); *Hansen v. Robinson Nev. Mining Co.*, 668 F.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

App'x. 257, 257 n.1 (9th Cir. 2016) ("A discrimination claim under Nevada Revised Statute § 613.330 is analyzed under federal anti-discrimination law.").

80. After Ms. Van Bree requested a reasonable accommodation, JT4 failed to appropriately engage in the interactive process in good faith. JT4 never held a meeting with Ms. Van Bree, her supervisor, and other necessary parties, to have a discussion about Ms. Van Bree's request and how a solution could be reached. Rather, after JT4 received the Job Functions Questionnaire from Ms. Van Bree's therapist, it did not communicate or otherwise discuss her request until in or around February 2019 when it provided Ms. Van Bree a blanket denial. When Ms. Van Bree asked JT4 to speak with someone directly, that request was also denied.

81. Additionally, JT4 failed to offer Ms. Van Bree any viable alternative accommodation. The only alternative offered by JT4 was impossible to implement, as no realistic or feasible adjustment to all employees' schedules would permit Ms. Van Bree to drive her personal vehicle and stay onsite, and, more importantly, the alternative would cause Ms. Van Bree to miss medical appointments directly related to her disability.

82. Furthermore, although JT4 stated that it searched for vacant positions for Ms. Van Bree, it failed to diligently search for said positions as required by its legal obligations.

83. Providing Ms. Van Bree a reasonable accommodation would not impose an undue hardship on JT4.

84. JT4's actions and omissions constitute a continuing violation of NRS 613.330.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

85. As a direct and proximate cause of the actions and omissions described above, Ms. Van Bree suffered emotional pain and suffering, inconvenience, mental anguish, and other pecuniary and nonpecuniary losses.

86. JT4's actions were wanton, reckless, or in willful disregard of Ms. Van Bree's legal rights.

**COUNT III: DENIAL OF REASONABLE ACCOMMODATION IN VIOLATION OF THE ADA, 42 U.S.C. §§ 12101, *et seq.*, AS APPLIED THROUGH SECTION 501 OF THE REHABILITATION ACT, 29 U.S.C. §§ 791, *et seq.***

87. Ms. Van Bree incorporates the allegations contained in the preceding paragraphs as if stated herein.

88. Title I of the ADA, 42 U.S.C. §§ 12101, *et seq.*, and the applicable interpretive regulations, are applicable to U.S. government through Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 791, *et seq.*

89. At all times material to this Complaint, Ms. Van Bree was an employee of the Air Force for purposes of the Rehabilitation Act.

90. At all times material to this Complaint, the Air Force was an employer of Ms. Van Bree for purposes of the Rehabilitation Act.

91. At all times material to this Complaint, the Air Force controlled the location of the work and the transportation services required to travel to and from those locations. The duration of the relationship between Ms. Van Bree and the Air Force has extended throughout her employment. The work performed by Ms. Van Bree is of the type required by the particular needs of the Air Force.

92. Additionally, the Air Force exerts significant control over when and where each employee's shift is to take place, including Ms. Van Bree's, makes the final approval of

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

the personnel placed in each shift by JT4, and provides the necessary equipment for Ms. Van Bree to perform her primary and essential job functions, such as the entirety of the weather measurement equipment and the office space.

93. As such, at all times material to this Complaint, the Air Force served, and continues to serve, as a joint employer of Ms. Van Bree for purposes of the ADA. *See EEOC v. Global Horizons, Inc.*, 915 F.3d 631, 638 (9th Cir. 2019).

94. Ms. Van Bree put the Air Force on notice of her disability and need for a reasonable accommodation by submitting a request to JT4, who subsequently submitted said request to the Air Force, for permission to be accompanied by her Service Animal throughout her tour of service.

95. Ms. Van Bree suffers from PTSD, which substantially limits several major life activities, including her ability to concentrate, sleep, and utilize her analytical skillset, which is needed to perform her job duties. *See* 29 C.F.R. § 1615.103(2).

96. Ms. Van Bree was, and continues to be, qualified to perform the duties required by the Weather Forecaster position, and she was, and continues to be, able to perform the essential functions of her position with or without a reasonable accommodation. Specifically, Ms. Van Bree needed, and continues to need, a reasonable accommodation in the form of being accompanied by her Service Animal throughout her work hours to use her analytical skills and otherwise safely work at her remote workstations.

97. As such, Ms. Van Bree is a qualified individual with a disability within the meaning of the ADA. See 29 C.F.R. § 1615.103.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

98. Upon receiving Ms. Van Bree's request for reasonable accommodation, via JT4, the Air Force provided a denial with no justification other than it has a blanket policy against permitting Service Animals on or in its transportation equipment.

99. After Ms. Van Bree requested a reasonable accommodation, the Air Force failed to engage in the interactive process with Ms. Van Bree in any capacity by alleging that Ms. Van Bree was not an employee of the Air Force.

100. The Air Force failed to request any additional documents, medical or otherwise, before denying Ms. Van Bree's request.

101. Additionally, in providing a blanket denial of Ms. Van Bree's request for reasonable accommodation, C.Ras who serves in a managerial capacity with the Air Force, informed Ms. Van Bree that the blanket policy against Service Animals was based on concerns about a snowball effect of requests should it grant an exception to one person and expressed concerns that, if she were permitted to have a Service Animal, what would that mean for other people, such as those with allergies.

102. In that same conversation, C.Ras also questioned Ms. Van Bree's need for a Service Animal, stating that she worked for JT4 for seven years without needing one and stated words to the effect that he or she did not see a reason why Ms. Van Bree suddenly needed a Service Animal when she has been able to perform her job fine for the previous years.

103. The above-mentioned justification for the denial of Ms. Van Bree's request not only fails to constitute an undue burden on the Air Force, but runs completely averse to one of the primary purposes of the ADA, which is "to ensure that the Federal Government plays

a central role in enforcing the standards established in this Act on behalf of individuals with disabilities." 42 U.S.C. § 12101(b)(3).

104. Providing Ms. Van Bree a reasonable accommodation would not impose an undue hardship on the Air Force.

105. The actions and omissions constitute a continuing violation of the ADA and Rehabilitation Act.

106. As a direct and proximate result of these actions and omissions of the Air Force, Ms. Van Bree has suffered emotional pain and suffering, inconvenience, mental anguish, and other pecuniary and nonpecuniary losses within the meaning of 42 U.S.C. § 1981a.

107. The Air Force's actions were wanton, reckless, or in willful disregard of Ms. Van Bree's legal rights.

**WHEREFORE**, Plaintiff prays that this Court:

a. Grant judgment in her favor against JT4 and the Air Force, collectively as Defendants;

b. Grant her declaratory and injunctive relief, including but not limited to a reasonable accommodation in the form of permitting her Service Animal to accompany her throughout the entirety of her employment or until otherwise stated by Ms. Van Bree's treating physician(s);

c. Enter an award of compensatory damages, both pecuniary and nonpecuniary, in an amount to be shown at trial;

d. Enter an award of punitive damages against JT4 in an amount to be determined at trial;

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

e. Enter an award of reasonable litigation costs, expert fees, and attorneys' fees and costs; and

f. Grant her such other and further relief as justice may require.

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, and pursuant to the local rules of this Court, Plaintiff hereby demands a trial by jury.

DATED this 30th day of April, 2020.

/s/ James P. Kemp
JAMES P. KEMP, ESQ.
Nevada Bar No.: 6375
KEMP & KEMP
7435 W. Azure Drive, Ste 110
Las Vegas, NV 89130
702-258-1183 ph./702-258-6983 fax

*Attorneys for Plaintiff Diana Van Bree*

**KEMP & KEMP**
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983