JASON M. FRIERSON
United States Attorney
District of Nevada
Nevada Bar No. 7709
REEM BLAIK
Assistant United States Attorney
Nevada Bar No. 16386
U.S. Attorney's Office
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Reem.Blaik@usdoj.gov

*Attorneys for Federal Defendant*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Diana Van Bree,<br><br>    Plaintiff,<br><br>    v.<br><br>JT4, LLC, a Delaware Limited Liability Company.<br><br>    Defendant. | Case No. 2:20-cv-00788-CDS-MDC |
| Diana Van Bree,<br><br>    Plaintiff,<br><br>    v.<br><br>Frank Kendall III, Secretary, United States Air Force,<br><br>    Defendant. | Case No. 2:22-cv-01038-CDS-MDC<br><br>**Stipulation and Order Modifying Existing Discovery Plan and Scheduling Order**<br><br>**(Second Request)** |

The United States of America, on behalf of Frank Kendall III, Secretary, United States Air Force ("Federal Defendant"), JT4, LLC ("JT4") (collectively "Defendants"), and Plaintiff Diana Van Bree ("Van Bree") (collectively the "Parties") jointly agree, by and through their respective counsel of record, to stipulate to the following extension of time concerning the Parties' Discovery Plan and Scheduling Order ("DPSO") (ECF No. 93) pursuant to LR IA 6-1–2. The Parties also respectfully demonstrate their excusable neglect

concerning the DPSO, pursuant to the Court's Order (ECF No. 111). This is the Parties' second stipulation to extend deadlines.

## I. Background

1. On May 31, 2024, Van Bree propounded written discovery on Federal Defendant and, separately, letter correspondence to JT4, requesting responses to previously propounded written discovery requests.

2. On June 3, 2024, Federal Defendant filed a Motion to Appear, Substitute, and Withdraw Attorney of Record (ECF No. 91), wherein this Court and the Parties received notice of new counsel of record for Federal Defendant.

3. Shortly thereafter, Federal Defendant raised concerns about Van Bree's written discovery requests to Defendants, which sought sensitive and classified information that required a certain level of security clearance, and requested to meet and confer about the issue, along with other anticipated motion practice.

4. On June 7, 2024, the Parties telephonically met and conferred about the written discovery issue, clearance issues, and other case-related matters. Federal Defendant notified the Parties of the anticipated length of time (several months to one year) to process applications for the security clearance level necessary to access and review the information responsive to Van Bree's requests and suggested a stay of all deadlines to allow for such processing. Van Bree expressed concern, and subsequently disagreed with the need for a stay given the potential for alternatives.

5. The Parties continued to meet and confer and ultimately agreed to jointly stipulate to a 60-day extension of all remaining deadlines to allow Defendants to file appropriate motions related to its concerns regarding classified information responsive to discovery, while also permitting discovery to move forward as appropriate and to the extent possible given the above security clearance issues. Federal Defendant indicated to the Parties that short discovery extensions would not address the concern about the lack of security clearance to engage in discovery implicating highly classified government information and the time required for this process. Nonetheless, the Parties agreed to a 60-

day extension, to August 30, 2024, for the Defendants to respond to Van Bree's respective written discovery requests to Defendants that were due on July 1, 2024. (ECF No. 97).

6. On August 30, 2024, Defendants responded to Van Bree's discovery requests.

7. On September 12, 2024, Federal Defendant filed a motion to stay discovery pending completion of the top-secret security clearance process required of the Parties' counsel ("Motion") (ECF No. 95). The Parties did not finish discovery because of the significant clearance issue that required Court intervention.

8. On October 4, 2024, JT4 filed a Joinder to Federal Defendant's Motion (ECF No. 98) and Plaintiff filed a Response to the Motion (ECF No. 99).

9. On October 18, 2024, Federal Defendant filed a Reply in support of its Motion (ECF No. 104).

10. On November 11, 2024, the Court scheduled a hearing on the Motion for January 8, 2025 (ECF No. 112).

11. On January 8, 2025, the Court denied Federal Defendant's Motion, ordering the instant pleading and an explanation of excusable neglect. The Parties respectfully submit the following explanation of excusable neglect and proposed extended deadlines. (ECF No. 111).

**II. The Parties' Were Excusably Negligent with Previous Discovery Deadlines**

Due to the sensitive and secured nature of the discovery underlying this matter, the Parties reached a standstill about engaging in the discovery process. Defendants sought to stay discovery to allow for the processing of counsels' security clearances, which is an uncertain and lengthy process, but which Defendants have been working on diligently since July 2024. Since the Parties could not effectively complete discovery due to these issues, Federal Defendant filed its Motion.

The Parties did not complete discovery by the prior DPSO deadline, nor request a further extension of the discovery deadlines pursuant to LR 26-3, in advance of the January 8, 2025 Motion hearing because they believed that further extension and conducting of discovery would be futile, given the security clearance and discovery issues outlined in the

3

1  Motion. Accordingly, none of the Parties noticed any depositions as the Parties sincerely
2  believed Court intervention was necessary and a hearing was scheduled to address the issue
3  of a stay pending security clearances.
4  　　　The Parties recognize the Court's candor and dissatisfaction with this approach, and
5  if granted a final period in which to complete discovery, the Parties will comply with all
6  Federal Civil Procedure and Local Court Rules, including LR 26-3.
7  　　　In addition, immediately after the hearing on the Motion, the Parties discussed in
8  earnest potential resolution short of discovery, given the unusual security circumstances
9  underlying this case, and will continue to do so if granted a final period to complete discovery.
10 The Parties have good cause to extend discovery for the foregoing reasons.

### III.  Proposed Discovery Schedules

　　　The following table outlines the Parties' discovery deadlines under the DPSO (ECF No. 93), and the Parties' proposed extended discovery deadlines pursuant to this instant stipulation:

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

| Revised Joint Discovery Plan and Scheduling Order | Past Date | Requested Date |
|---|---|---|
| Discovery Cut-Off | October 15, 2024 | **April 15, 2025** |
| Dispositive Motions | November 15, 2024 | **May 15, 2025** |
| Joint Pretrial Order | December 16, 2024 | **June 16, 2025** |

IT IS SO STIPULATED AND AGREED.

Respectfully submitted this 15th day of January 2025.

/s/ James. P. Kemp
James. P. Kemp, Esq.
KEMP & KEMP
7435 W. Azure Drive, Ste 110
Las Vegas, NV 89130
Ph: (702) 258-1183; Fax: (702) 258-6983

Gary M. Gilbert, Esq.
(Pro Hac Vice Admission)
James A. Hill, Esq.
(Pro Hac Vice Admission)
GILBERT EMPLOYMENT LAW, P.C.
8403 Colesville Rd, Suite 1000
Silver Spring, MD 20910
Ph: (301) 608-0880; Fax: (301) 608-0881
*Counsel for Plaintiff Diana Van Bree*

JASON M. FRIERSON
United States Attorney

/s/ Reem Blaik
Reem Blaik
Assistant United States Attorney
*Counsel for Federal Defendant*

/s/ Deverie J. Christensen
Deverie J. Christensen, Esq.
Nevada State Bar No. 6375
Hilary A. Williams, Esq.
Nevada State Bar No. 14645
JACKSON LEWIS P.C.
300 S. Fourth Street, Suite 900
Las Vegas, NV 89101
Ph: (702) 921-2460
*Counsel for Defendant JT4, LLC*

**IT IS SO ORDERED:**

_____
**Hon. Maximiliano D. Couvillier III**
**UNITED STATES MAGISTRATE JUDGE**
**DATED: 1/17/2025**